# EXHIBIT B

NOT ORIGINAL DOCUMENT
01/10/2022 08:08:56 AM
85787

NO._____                                    **JEFFERSON CIRCUIT COURT**

                                                       **DIVISION_____**

                                             **JUDGE** _____

**DAVID BALL**                                                          **PLAINTIFF**

**v.**                          **COMPLAINT**
                           *"Electronically Filed"*

**LABORATORY CORPORATION OF AMERICA HOLDINGS**                **DEFENDANT**
**358 South Main Street**
**Burlington, North Carolina 27215**
         <u>Serve</u>: **Corporation Service Company**
                 **421 West Main Street**
                 **Frankfort, Kentucky 40601, and**
         <u>Serve</u>: **Corporation Service Company (alternate)**
                    **2626 Glenwood Avenue, Suite 550**
                    **Raleigh, North Carolina 27608**
                    <u>Serve</u>: **KY Secretary of State**
                         **700 Capital Avenue, Suite 86**
                         **Frankfort, Kentucky 40601**


                    **\*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

        Comes now the Plaintiff, David Ball, by and through counsel, and for his Complaint

against the Defendant, Laboratory Corporation of America Holdings, states as follows:

        1.      That Plaintiff is, and all times relevant hereto has been, a resident of La Grange,

Oldham County, Kentucky.

        2.      That Defendant, Laboratory Corporation of America Holdings (hereinafter

"LabCorp") is, foreign corporation with a principal address of 358 South Main Street,

Burlington, NC 27215 licensed to do and doing business in the Commonwealth of Kentucky as a

provider of laboratory testing.  Its Registered Agent is Corporation Service Company, 421 West

Main Street, Frankfort, Kentucky 40601.  Per the North Carolina Secretary of State, Laboratory

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

COM : 000001 of 000003

NOT ORIGINAL DOCUMENT
01/10/2022 08:08:56 AM
85787

Corporation of America Holdings also has an alternate Registered Agent listed as Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

3.      That the negligent medical care provided to David occurred on February 25, 2021.

4.      That David presented to LabCorp – located within the Baptist Health Medical building at 2400 Eastpoint Parkway in Louisville, Jefferson County, Kentucky – for routine lab work ordered by his primary care physician.

5.      That prior to his blood draw, David informed the LabCorp phlebotomist that he suffers from vasovagal episode and explained his past reactions to blood draws.

6.      That after the LabCorp phlebotomist completed David's blood draw, David experienced a vasovagal episode, passing out and sliding down the phlebotomy chair while still restrained resulting in two (2) compression fractures at T8 and T9 in his spine.

7.      That LabCorp's phlebotomist failed to comply with the duty to exercise the degree of care and skill expected of a reasonable and prudent phlebotomist acting under similar circumstances, and this failure caused the David to fracture his spine in two places.

8.      That Defendant LabCorp is liable for the compression fractures of David's T8 and T9 vertebrae via direct negligence and/or LapCorp is vicariously liable for the conduct of its agents, servants and employees under the doctrines of vicarious liability, ostensible agency, apparent agency and/or respondeat superior.

9.      That as a direct and proximate result of the aforementioned negligence David has suffered severe and permanent bodily injuries, experienced pain and will experience pain in the future, incurred past medical bills and will incur medical bills in the future, lost wages, and had his ability to earn income impaired, with all these damages being well beyond the jurisdictional limits of this Court.

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

COM : 000002 of 000003

Filed          22-CI-000083      01/07/2022          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:08:56 AM
85787

WHEREFORE, the Plaintiff respectfully demands relief from the Defendant as follows:

1.      Judgment against the Defendant in an amount calculated to fairly and reasonably compensate Plaintiff for the damages sustained by him as alleged herein;

2.      His costs herein expended, including a reasonable attorneys' fee;

3.      Trial by jury; and

4.      Any and all other relief to which he may otherwise be properly entitled.

Respectfully submitted,

BOLUS LAW OFFICES
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com

By: /s/ James M. Bolus, Jr._____

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

COM : 000003 of 000003

Filed          22-CI-000083      01/07/2022        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

NO._____                          **JEFFERSON CIRCUIT COURT**
                                                   **DIVISION_____**
                                        **JUDGE** _____


**DAVID BALL**                                                          **PLAINTIFF**


**v.**          **PLAINTIFF'S FIRST SET OF INTERROGATORIES**
          **AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
     **TO DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS**
                    ***"Electronically Filed"***

**LABORATORY CORPORATION OF AMERICA HOLDINGS**          **DEFENDANT**


                    *** *** *** *** ***

Comes now the Plaintiff, David Ball, by and through counsel, and propounds the following First Set of Interrogatories and Request for Production of Documents on Defendant Laboratory Corporation of America Holdings:

                    **INTERROGATORIES**

**INTERROGATORY NO. 1:** For each entity, identify the person answering or providing information as to these Interrogatories on behalf of the Defendant, and specify that person's name, address, and office or title.

**RESPONSE:**


**INTERROGATORY NO. 2:**          With reference to any liability policy which may provide coverage to Defendants' phlebotomists, nurses, or other staff, for the allegations contained in the Complaint, have Defendants notified their insurance carrier(s) of the filing of the Complaint and has/have any insurance carrier(s) raised any questions of policy coverage?  If so, state the question raised and the present status.

**ANSWER:**

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000001 of 000007

Filed                22-CI-000083        01/07/2022            David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

**INTERROGATORY NO. 3:** Please provide the name and address of the phlebotomist, nurse, or other staff – employed by the Defendant – who drew Plaintiff's blood on February 25, 2021 at the LabCorp located within the Baptist Health Medical building at 2400 Eastpoint Parkway in Louisville, Jefferson County, Kentucky.

**RESPONSE:**


**INTERROGATORY NO. 4:** Please provide the names and addresses of the phlebotomists, nurses, or other staff – employed by the Defendant – who worked on the day of the blood draw of Plaintiff on February 25, 2021 at the LabCorp located within the Baptist Health Medical building at 2400 Eastpoint Parkway in Louisville, Jefferson County, Kentucky.

**RESPONSE:**


**INTERROGATORY NO. 5:**        Has Laboratory Corporation of America Holdings ever been sued, or has a claim ever been made against it, or against any of its group members, for negligence arising out of the drawing blood from a patient with a history of vasovagal episodes? If so, please describe in detail the following for each suit or claim, the nature of and factual circumstances surrounding the suit or controversy, the ultimate resolution of the suit or controversy, the names of the parties involved, the date suit was filed (if applicable), the court in which suit was filed (if applicable), and the case number (if applicable).

**ANSWER:**

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000002 of 000007

2

Filed            22-CI-000083    01/07/2022          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

**INTERROGATORY NO. 6:**        State the name, address and phone number of each and every person known to Laboratory Corporation of America Holdings or its attorney to be a witness to any of the events in this lawsuit.

        **ANSWER:**


**INTERROGATORY NO. 7:**        State whether Laboratory Corporation of America Holdings employees or representatives have had any conversations concerning David Ball's treatment with any other physician or health care provider involved in the care and treatment of Mr. Ball.  If so, state the name, date, time, place, and to the best of your ability, with specificity, describe the conversation.

        **ANSWER:**


**INTERROGATORY NO. 8:**        Give the name and address of every expert witness who Laboratory Corporation of America Holdings or its counsel may call as a witness at the trial of this action.  With respect to each expert witness listed, state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

        **ANSWER:**


**INTERROGATORY NO. 9:**        Please identify specifically, including name of publication, each and every article, portion of text, or other written material prepared by, or upon which each such expert listed in the preceding Interrogatory intends to rely in this action.

        **ANSWER:**

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000003 of 000007

Filed            22-CI-000083    01/07/2022          David L. Nicholson, Jefferson Circuit Clerk

Filed        22-CI-000083      01/07/2022      David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

**INTERROGATORY NO. 10:**     Please state with specificity each and every professional negligence action in which each such expert referred to in the answer to Interrogatory No. 9 has testified as an expert witness, by deposition, report, or in court appearances, and state for which party the expert was a witness.  Please be sure to list the action number and courts in which the action was filed.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please identify any articles said experts have written, including the title, the date and all publication information.

**ANSWER:**

**INTERROGATORY NO. 12:**  Please describe and list every exhibit, document or material upon which Defendant intends to rely at the trial of this action.

**ANSWER:**

**INTERROGATORY NO. 13:**  Does Defendant contend David Ball's injuries were caused or brought about by another individual, person, or entity?  If so, please explain any such contentions including, any facts in support thereof.

**ANSWER:**

**INTERROGATORY NO. 14:**  Did any of Laboratory Corporation of America Holdings employees and/or members prepare, submit, or make any written statement or report -- or was such a statement or report prepared for, submitted to, or made for you -- of the alleged

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000004 of 000007

4

Filed          22-CI-000083     01/07/2022          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

occurrence out of which this action arises?   If Laboratory Corporation of America Holdings

answer is in the affirmative, please state the date, the author, the substance, and the contents of

each statement or report.

**ANSWER:**


**INTERROGATORY  NO.  15:**   Were any videotapes, video or audio recordings,

photographs, or any video or visual or audio reproduction made or taken of the treatment

provided to David Ball, or of any procedure or medical care or treatment of David Ball at any

time.  If so, please identify, by name and address, any person or entity who made or took or

made such, and the name and address of the person or entity presently in possession of any such

videotapes, video or audio recordings, photographs, or any video or visual or audio reproduction.

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**   Provide a copy of any liability insurance policy and any other

insurance policies referred to in your response to Interrogatories.   This request includes

declaration pages for any such insurance policies.

**RESPONSE:**


**REQUEST NO. 2:**   Provide a copy of the curriculum vitae of any experts employed or

retained by you in this action.

**RESPONSE:**

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000005 of 000007

Filed          22-CI-000083     01/07/2022          David L. Nicholson, Jefferson Circuit Clerk

Filed          22-CI-000083    01/07/2022        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

**REQUEST NO. 3:**    Provide a copy of the itemized bill of services rendered to David Ball.

**RESPONSE:**

**REQUEST NO. 4:**    Provide a complete copy of Defendant's medical chart and all other records related to the care and treatment of David Ball at any time.

**RESPONSE:**

**REQUEST NO. 5:**        Provide a copy of any document in Defendant's possession, custody or control related to the medical care provided by any Defendant employee and/or member to David Ball that is maintained outside the medical chart of David Ball.

**RESPONSE:**

**REQUEST NO. 6:**        Provide a copy of any report, summary, notes and/or any other document prepared by any employee or agent of Defendant regarding David Ball.

**RESPONSE:**

**REQUEST NO. 7:**        Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories, regardless of the origin of said documents.

**RESPONSE:**

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000006 of 000007

Filed          22-CI-000083    01/07/2022        David L. Nicholson, Jefferson Circuit Clerk

Filed          22-CI-000083      01/07/2022        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/10/2022 08:09:25 AM
85787

Respectfully submitted,

BOLUS LAW OFFICES
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com


By: /s/ James M. Bolus, Jr.

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000007 of 000007



| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | **NOT ORIGINAL DOCUMENT**<br>03/25/2022  22-CI-000083<br>85767 | Case #: **22-CI-000083**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |
|---|---|---|

## CIVIL SUMMONS

*Plantiff,* **BALL, DAVID VS. LABORATORY CORPORATION OF AMERICA HOLDING**, *Defendant*

TO:  **LABORATORY CORPORATION OF AMERICA HOLDING**

   **2626 GLENWOOD AVENUE**

   **RALEIGH, NC 27608**

The Commonwealth of Kentucky to Defendant:
**LABORATORY CORPORATION OF AMERICA HOLDING**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **1/7/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____          _____
                                                     Served By

                                             _____
                                                     Title

---

Summons ID: @00000990385<br>CIRCUIT: 22-CI-000083 Long Arm Statute – Secretary of State<br>BALL, DAVID VS. LABORATORY CORPORATION OF AMERICA HOLDING

*Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)*

*CI : 000001 of 000001*



eFiled

NO. 22-CI-000083                                    JEFFERSON CIRCUIT COURT
                                                            DIVISION TEN (10)
                                                 JUDGE ANGELA MCCORMICK BISIG
                                                          *Electronically Filed*

DAVID BALL                                                              PLAINTIFF

v.

LABORATORY    CORPORATION    OF                                        DEFENDANT
AMERICA HOLDINGS

## AGREED ORDER OF SUBSTITUTION

The parties have reached an agreement concerning the claims of the Plaintiff against Defendant, Laboratory Corporation of America Holdings, and the Court having fully considered same;

IT IS HEREBY ORDERED AND ADJUDGED that Laboratory Corporation of America shall be substituted for Defendant, Laboratory Corporation of America Holdings, as the Defendant in this matter.  All claims made against Laboratory Corporation of America Holdings in the Plaintiff's Complaint shall be deemed to have been made against Laboratory Corporation of America and all defenses contained in the Answer to the complaint on behalf of Laboratory Corporation of America Holdings shall be deemed to have been made by Laboratory Corporation of America. All of Plaintiff's claims against Laboratory Corporation of America Holdings are hereby dismissed with prejudice.

Plaintiff's claims against Laboratory Corporation of America. remain.

Entered this the _____ day of _____, 2022.

_____
JUDGE, JEFFERSON CIRCUIT COURT

Tendered          22-CI-000083          02/01/2022          David L. Nicholson, Jefferson Circuit Clerk

HAVE SEEN AND AGREED TO:


*/s/ Emily C. Lamb*

David Domene
Emily C. Lamb
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9971
ddomene@bdblawky.com
elamb@bdblawky.com
*Counsel for Defendant*


*/s/ James M. Bolus (w/permission)*

James M. Bolus
Bolus Law Offices
600 W. Main Street, Suite 500
Louisville, KY 40202
Tel: 502.584.1210
Fax: 502.584.1212
bo@boluslaw.com
*Counsel for Plaintiff*

4BDD9718-3048-465F-92AC-652E17CDF766 : 000007 of 000007

TD : 000002 of 000002

Tendered          22-CI-000083          02/01/2022          David L. Nicholson, Jefferson Circuit Clerk

Filed            22-CI-000083      02/01/2022      David L. Nicholson, Jefferson Circuit Clerk

NO. 22-CI-000083                                    JEFFERSON CIRCUIT COURT
                                                          DIVISION TEN (10)
                                          JUDGE ANGELA MCCORMICK BISIG
                                                          ***Electronically Filed***

DAVID BALL                                                        PLAINTIFF

v.

LABORATORY CORPORATION OF                                        DEFENDANT
AMERICA HOLDINGS

### ANSWER OF DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS

Defendant Laboratory Corporation of America Holdings ("Labcorp"),[1] by counsel, for its

Answer to Plaintiff's Complaint, hereby states as follows:

### FIRST DEFENSE

### GENERAL ALLEGATIONS

1.      Labcorp is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      In response to the allegations in Paragraph 2 of the Complaint, Labcorp admits it is

a foreign corporation authorized to do business in the Commonwealth of Kentucky, and that its

principal place of business in Burlington, North Carolina. Labcorp further admits it may be served

via its registered agents for service of process in Kentucky or North Carolina, which information

is publicly available. Labcorp denies the remaining allegations in Paragraph 2.

3.      In response to the allegations in Paragraph 3 of the Complaint, Labcorp admits only

that it provided phlebotomy services to Plaintiff on or about February 25, 2021. Labcorp denies

---

[1] The proper defendant in this case is Laboratory Corporation of America.

1

the remaining allegations in Paragraph 3 and expressly denies that any medical care provided by Labcorp to Plaintiff was negligent.

4.      In response to the allegations in Paragraph 4 of the Complaint, Labcorp admits only that Plaintiff presented to Labcorp for blood work.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies them..

5.      Labcorp denies the allegations in Paragraph 5 of the Complaint.

6.      In response to the allegations in Paragraph 6 of the Complaint, Labcorp admits only that Plaintiff lost consciousness briefly following his blood draw on February 25, 2021.  Labcorp denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Labcorp denies the allegations in Paragraphs 7, 8 and 9 of the Complaint.

8.      Labcorp denies each and every allegation of Plaintiff's Complaint not specifically admitted.

9.      To the extent the Complaint's prayer for relief contains allegations that must be admitted or denied, they are denied.

<u>**SECOND DEFENSE**</u>

Without waiving its denial of liability to Plaintiff, Labcorp states that the damages of which Plaintiff complains, if any, were caused entirely or in part by the contributory or comparative negligence or fault of the Plaintiff and Plaintiff's negligence or fault is a total or partial bar to Plaintiff's claims for damages herein.

<u>**THIRD DEFENSE**</u>

Without waiving its denial of liability to Plaintiff, Labcorp states that if discovery reveals the damages of which Plaintiff complains, if any, were caused by an underlying illness or disease

process in Plaintiff, and not by any action or failure to act on the part of Labcorp, then Labcorp is not liable to Plaintiff.

### FOURTH DEFENSE

Without waiving its denial of liability, Labcorp states that if discovery reveals Plaintiff's alleged damages, if any, were the direct and proximate result of acts or omissions of third parties over whom, or over which, Labcorp had no direction and control, then Labcorp is not liable to Plaintiff.

### FIFTH DEFENSE

Without waiving its denial of liability, Labcorp states that if discovery reveals Plaintiff's alleged injuries and damages, if any, were the result of superseding and/or intervening causes, then Labcorp is not liable to Plaintiff.

### SIXTH DEFENSE

Without waiving its denial of liability to Plaintiff, Labcorp states that Plaintiff may have failed to mitigate his damages, if any.

### SEVENTH DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

Labcorp pleads any and all affirmative defenses set forth in Rules 8.03, 9 and 12 of the Kentucky Rules of Civil Procedure as if set forth at length herein and specifically states that Plaintiff's claim may be barred by the statute of limitations, lack of jurisdiction and venue, contributory negligence and assumption of the risk.

3

## NINTH DEFENSE

Labcorp reserves the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks sufficient knowledge or information but which may become available to it during the course of this litigation through discovery or other means.

WHEREFORE, Defendant Laboratory Corporation of America Holdings, demands as follows:

1.    That the Complaint against it be dismissed with prejudice;

2.    That it recover its costs and expenses herein;

3.    That there be a trial by jury on all issues so triable; and

4.    That it recover all other relief to which it may be entitled.

Respectfully submitted

/s/ Emily Lamb
David Domene
Emily C. Lamb
Blackburn Domene & Burchett, PLLC
614 W. Main Street, Suite 3000
Louisville, Kentucky 40202
(502) 584-1600
(502) 584-9971(facsimile)
ddomene@bdblawky.com
elamb@bdblawky.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on this 1st day of February 2022.  Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-electronic filers.

James M. Bolus
Bolus Law Offices
600 W. Main Street, Suite 500
Louisville, KY 40202
Tel: 502.584.1210
Fax: 502.584.1212
bo@boluslaw.com

*Counsel for Plaintiff*


/s/ Emily Lamb
*Counsel for Defendant*

4BDD9718-3048-465F-92AC-652E17CDF766 : 000005 of 000007

ANS : 000005 of 000005

5

NO. 22-CI-000083                                           JEFFERSON CIRCUIT COURT
                                                                    DIVISION TEN (10)
                                                        JUDGE ANGELA MCCORMICK BISIG
                                                                  *Electronically Filed*

DAVID BALL                                                                  PLAINTIFF

v.

LABORATORY    CORPORATION    OF                                             DEFENDANT
AMERICA HOLDINGS


## AGREED ORDER OF SUBSTITUTION

The parties have reached an agreement concerning the claims of the Plaintiff against Defendant, Laboratory Corporation of America Holdings, and the Court having fully considered same;

IT IS HEREBY ORDERED AND ADJUDGED that Laboratory Corporation of America shall be substituted for Defendant, Laboratory Corporation of America Holdings, as the Defendant in this matter.  All claims made against Laboratory Corporation of America Holdings in the Plaintiff's Complaint shall be deemed to have been made against Laboratory Corporation of America and all defenses contained in the Answer to the complaint on behalf of Laboratory Corporation of America Holdings shall be deemed to have been made by Laboratory Corporation of America. All of Plaintiff's claims against Laboratory Corporation of America Holdings are hereby dismissed with prejudice.

Plaintiff's claims against Laboratory Corporation of America. remain.

Entered this the _____ day of _____, 2022.

/s/ HON. ANGELA MCCORMICK BISIG
electronically signed
2/8/2022 10:47:53 AM ET

_____
JUDGE, JEFFERSON CIRCUIT COURT

1

HAVE SEEN AND AGREED TO:


*/s/ Emily C. Lamb*
David Domene
Emily C. Lamb
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9971
ddomene@bdblawky.com
elamb@bdblawky.com
*Counsel for Defendant*


*/s/ James M. Bolus (w/permission)*
James M. Bolus
Bolus Law Offices
600 W. Main Street, Suite 500
Louisville, KY 40202
Tel: 502.584.1210
Fax: 502.584.1212
bo@boluslaw.com
*Counsel for Plaintiff*

2

NO. 22-CI-000083                                     JEFFERSON CIRCUIT COURT
                                                           DIVISION TEN (10)
                                             JUDGE ANGELA MCCORMICK BISIG


DAVID BALL                                                          PLAINTIFF

v.

LABORATORY CORPORATION OF                                          DEFENDANT
AMERICA HOLDINGS

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### FIRST SET OF INTERROGATORIES AND REQUEST FOR
### PRODUCTION OF DOCUMENTS
#### *"Filed Electronically"*

Comes now the Plaintiff, David Ball, by and through counsel, and for his Responses to the

Interrogatories and Request for Production from Defendant, Laboratory Corporation of America

Holdings., states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:**          State the full name, including any former names or

aliases, present and past residential addresses, date and place of birth, and social security number

of David Ball.

ANSWER:      David Christian Ball, II, born in Muncie, Indiana.  David has resided at 2106

Meadow Brook Drive, LaGrange, KY 40031 since September 2014.  He previously resided at

8604 Everett Rush Court, Louisville, KY 40228 from 2005 to 2014.

David's date of birth and social security number will be provided under separate cover.

**INTERROGATORY NO. 2:**          Provide your complete employment history within

the last ten (10) years, including the identity and nature of each employer or business, dates of

commencement and termination of employment, the address of the employer, job classification,

title, or position with a brief description of her duties and responsibilities, the name and address of

AD1BA1C8-2364-4844-9D77-B40F31CD7937 : 000001 of 000020

AIRRPD : 000001 of 000020

Filed          22-CI-000083        03/21/2022      David L. Nicholson, Jefferson Circuit Clerk

her immediate supervisor, the reason for termination, the wage, salary, or other compensation received, and her ownership interest, if any, in the business.

ANSWER:   Plaintiff works at UPS, located at 825 Lotus Avenue, Louisville, KY 40213. Plaintiff started with UPS in 1999 as a package handler and part time supervisor.  In 2004, Plaintiff switched over to Industrial Engineering with Aircraft Maintenance and has had several different rotations/assignments all here in Louisville.  Plaintiff makes approximately $93,000 per year plus bonus.  His job duties include, but not limited to, handling sustainability reporting, analyze fueling data for aircraft fleet, and make recommendations and support projects that reduce jet A consumption or use.  Plaintiff's manager is Kevin Swiatek.

**INTERROGATORY NO. 3:**      Please state what formal education, vocational training, specialized courses or other education or training you have had, including training you might have received in the armed services or from any employer, and also identify by name and address all schools or other educational institutions you have attended, identifying the grade level or degree achieved or the type of training received.

ANSWER:   Plaintiff has a Bachelor's of Science in Marketing and Business Administration from Franklin University in Columbus, Ohio.  Plaintiff has a Masters of Divinity from Southern Baptist Theological Seminary in Louisville, KY.

**INTERROGATORY NO. 4**:      State the name, address, and telephone number of every physician or other health care professional who examined, treated, or otherwise consulted with David Ball from 2012 to the present, regarding any injury, illness, or other physical condition suffered by him, or any general or annual physical examination, insurance examination or

2

AD1BA1C8-2364-4844-9D77-B40F31CD7937 : 000002 of 000020

AIRRPD : 000002 of 000020

examination for purposes of employment, and indicate the dates and reasons for such examination,

treatment, or consultation.

    <u>ANSWER:</u>   Objection.  This interrogatory is overly broad, unduly burdensome, and

calls for information not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving said objections, to the best of Plaintiff's recollection,

Plaintiff has treated with the following providers and/or facilities since 2012:

BHMG-Primary Care
2400 Eastpoint Parkway, Suite 550
Louisville, KY 40223

Baptist Health Louisville
4007 Kresge Way
Louisville, KY 40207

BHMG Orthopedics
2400 Eastpoint Parkway, Suite 470
Louisville, KY 40223

BHMG- Cardiology
3900 Kresge Way, Suite 60
Louisville, KY 40207

Baptist Health LaGrange Physical Therapy
1025 New Moody Lane
LaGrange, KY 40031

Amazing Hands Therapeutic Massage
2249 Commerce Pkwy
LaGrange, KY 40031

LabCorp (located within Baptist Health Medical Building)
2400 Eastpoint Parkway
Louisville, Kentucky 40223

Baptist Health LaGrange Imaging & Diagnostics
1025 New Moody Lane
LaGrange, KY 40031

Norton Immediate Care Center
1230 Market Street, Suite B
LaGrange, KY 40031

Baptist East Endoscopy
3900 Kresge Way, Suite 22
Louisville, KY 40207

Oldham County Foot & Ankle
6400 Westwind Way, Suite B
Crestwood, KY 40014

Norton Women's & Children Hospital
4001 Dutchmans Lane
Louisville, KY 40207

    There may be other providers, please refer to Plaintiff's medical records for any additional

providers referenced within.  The records of the respective providers specifically address the

Filed          22-CI-000083      03/21/2022      David L. Nicholson, Jefferson Circuit Clerk

details of said treatment.  Please see the attached CD containing medical records currently in the possession of Plaintiff's counsel.  Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 5:**          State the name, address, and telephone number of all hospitals or other health care facilities at which David Ball was examined or treated either as an inpatient or outpatient, from 2012 to the present, and for each such hospital or other health care facility, state the dates and reasons for each examination or treatment.

<u>ANSWER:</u>     Please see response to Interrogatory No. 4.

**INTERROGATORY NO. 6:**          Identify every lawsuit or other judicial proceeding in which David Ball was a party, was deposed, or otherwise served as a witness, by stating the date, court, jurisdiction, and place of filing, the docket or civil action number, the caption of the case, the nature of each such lawsuit or other judicial proceeding, whether he was a plaintiff or a defendant, the names of all other parties involved, and the ultimate disposition of such suit or claim.

<u>ANSWER:</u>     To the best of Plaintiff's recollection, none outside of this lawsuit.

**INTERROGATORY NO. 7:**          State whether you have ever submitted a claim for benefits under any insurance plan or policy, or governmental program, including claims for Social Security, Medicaid, Medicare, workers' compensation, or unemployment compensation, and, if so, identify for each such claims: the date, place, and nature of the claim; the person or office to whom the claim was submitted; and the action taken on the claim.

4

Filed          22-CI-000083      03/21/2022      David L. Nicholson, Jefferson Circuit Clerk

AD1BA1C8-2364-4844-9D77-B40F31CD7937 : 000004 of 000020

AIRRPD : 000004 of 000020

ANSWER:     To the best of Plaintiff's recollection, he filed a motor vehicle claim with

his insurance, Liberty Mutual for an accident that occurred May 23, 2019 and then a claim with

the at-fault driver's insurance AAA.  David received $3,750 in compensation from the claim.

**INTERROGATORY NO. 8:**        State the names and addresses of all pharmacies

where David Ball has had prescriptions filled from 2012 to the present, or where David Ball

purchased medications or medications were purchased on his behalf during that period.

ANSWER:     Based on Plaintiff's recollection he has filled prescriptions at the following

pharmacies since 2012:

CVS Pharmacy                      Walgreens Pharmacy
6425 W Highway 146                7914 Fegenbush Lane
Crestwood, KY 40014               Louisville, KY 40228

Kroger Pharmacy                   Valu Market
2034 S Highway 53                 7519 Outer Loop
LaGrange, KY 40031                Louisville, KY 40228

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 9**:        With regard to any expert who may be called as a

witness at the trial on your behalf (including but not limited to treating physicians), state his or her

name, address, telephone number, expert qualifications and (i) the subject matter on which the

expert is expected to testify; (ii) the substance of the facts and opinions to which the expert is

expected to testify; and (iii) a summary of the grounds for each opinion.

ANSWER:     The decision as to expert witnesses that may be called at the trial of this

matter has not yet been made.  The answer to this interrogatory will be supplemented as discovery

and investigation proceeds in this matter pursuant to the Kentucky Rules of Civil Procedure and

any Order from this Court.

5

**INTERROGATORY NO. 10:**      Please state the names, addresses, telephone numbers, and places of employment of all lay or fact witnesses knowledgeable about the claims being made in this lawsuit who are known to you, your agents, or attorneys to be witnesses to the alleged incident.  For each person identified state:

        (a)     The person's relationship to you;

        (b)     Summary of the substance of the witness' expected knowledge of the events;

        (c)     Location of witness at the time of the incident;

        (d)     Whether you, your agents or your attorneys have taken the witness' statement.

    <u>ANSWER:</u>      Upon information and belief of the Plaintiff, the following individuals may have knowledge of the facts of this claim:

- David Ball (Plaintiff)
- Two (2) unknown name employees/phlebotomists present during the blood draw
- Dr. Russell Bird (Plaintiff's primary care provider and ordered the blood work)
- Annette Ball (Plaintiff's wife) *damages only*
- Jacob Ball (Plaintiff's son, age 17) *damages only*
- Ethan Ball (Plaintiff's minor, age 15) *damages only*
- Lauren Ball (Plaintiff's daughter, age 8) *damages only*
- Employees, agents, or servants of Lab Corp
- Any and all medical providers identified in David's medical records
- Any and all individuals identified in discovery or depositions in this matter

There may be other individuals who have knowledge or information concerning the subject matter of this suit.  No decision has been made as to witnesses to be called at trial of this matter. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 11:**      Identify all non-expert witnesses whom David Ball or his attorney expects to call to testify live, by deposition, or by affidavit at any trial or hearing of this matter and, for each person, provide a brief summary of the anticipated testimony. For each

witness, identify all documents that the witness will refer to or rely upon in giving his or her testimony.

ANSWER:     The decision as to non-expert witnesses that may be called at the trial of this matter has not yet been made.  The response to this interrogatory will be supplemented as discovery and investigation proceeds in this matter pursuant to the Kentucky Rules of Civil Procedure and any Order from this Court.

**INTERROGATORY NO. 12:**       Identify all documents that you intend to introduce or refer to at the trial of this matter.

ANSWER:     The decision as to exhibits that may be used at trial has not yet been made.  This response will be supplemented as required by the Kentucky Rules of Civil Procedure and any Order from this Court.

**INTERROGATORY NO. 13:**       For each medical expense David Ball claims as a result of the incident described in the Complaint, provide the date, names of the health care facility and/or health care professional providing the medical service, a description of the medical services, and the amount of such expense.

ANSWER:     Please see the attached CD containing an itemization of Plaintiff's medical bills received to date totaling $9,409.18 with supporting documentation.  Plaintiff reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 14:**       Identify by name and address each medical provider from which you sought treatment for the alleged injuries arising out of the incident which is the subject of Plaintiff's Complaint.

7

AD1BA1C8-2364-4844-9D77-B40F31CD7937 : 000007 of 000020

AIRRPD : 000007 of 000020

ANSWER:    Please see response to Interrogatory No. 4 for a list of Plaintiff's medical providers.

**INTERROGATORY NO. 15:**      Pursuant to Trial Rule 8, please state the amount David Ball is seeking for:

        a.    Lost wages;

        b.    Past medical costs and expenses;

        c.    Future medical costs and expenses;

        d.    Pain, suffering, and mental anguish (past, present and future); and

        e.    Any other item of damage she claims (including a description of the item and the amount claimed).

ANSWER:

| | |
|---|---|
| Past medical bills | $9,409.18 (bills received to date) |
| Future medical bills | May supplement with expert proof |
| Lost wages | May supplement with expert proof |
| Pain and suffering | $1,000,000 |
| Punitive damages | $2,000,000 |

Plaintiff reserves the right to supplement as discovery proceeds.

**INTERROGATORY NO. 16**:      If David Ball has ever become eligible for, applied for, or received any Medicare and/or Social Security Disability benefits or coverage at any time, please identify the following:

        a.  Date of eligibility for benefits;

        b.  Date of application for benefits;

        c.  Date of approval for benefits and the current amount of benefit or type of coverage that you receive; and

8

       d.  Date of denial of benefits and the reason given for the denial

<u>ANSWER:</u>      Not applicable.

**INTERROGATORY NO. 17**:      Please execute and return the attached authorizations for the release of medical and employment records so the LabCorp may obtain these records. If David Ball is unwilling to execute these forms, state the basis of his objections in detail.

    <u>ANSWER:</u>      Plaintiff has elected to sign alternate authorizations, which are attached hereto.

**INTERROGATORY NO. 18**:      With respect to each injury and condition which you are claiming to have sustained as a result of the subject incident, please state whether you have ever, <u>before</u> the date of the incident involved herein, suffered from a similar injury or affliction, (or injury to same body part) whether or not the prior injury or affliction resulted in medical treatment or hospitalization, and if so, please provide the details as to the nature of the previous injury or affliction, dates thereof and whether or not medical treatment or hospitalization was required.

    <u>ANSWER:</u>      Plaintiff suffered compression fractures at T8-9 as a result of this incident. Plaintiff had no prior vertebral issues prior to this incident.  Please refer to Plaintiff's medical records for a summary of his medical history.

**INTERROGATORY NO. 19:**      State whether you have suffered any injuries <u>since</u> the date of the subject incident.  If so, please state the date and circumstances surrounding each injury, and any medical treatment sought as a result of said injury.

    <u>ANSWER:</u>      Plaintiff injured his right foot doing martial arts with his son.  He went to Oldham County Foot & Ankle and was told it was a sensory only nerve in his foot.  He was told to elevate, ice, and apply Voltaren gel.

9

**INTERROGATORY NO. 20**:          Has any health care professional informed you that you may need surgery as a result of the alleged injuries you sustained in the subject incident?  If so, please provide the name, title and address of the individual who has indicated that you may need surgery.

ANSWER:      Dr. Joseph Werger told David surgery would be a last resort and the success in this particular case is not guaranteed.

**INTERROGATORY NO. 21**:          Please indicate whether you suffer any ongoing physical or mental impairment resulting from the injury, the nature of the impairment, and whether you are receiving medical treatment or expect to receive medical treatment for such impairment in the future.

ANSWER:      Objection.  This interrogatory calls for a medical opinion, which the Plaintiff is not qualified to give, as well as speculation.  Plaintiff's medical providers can testify as to the injuries he suffered, his treatment required therefrom, including required treatment and any disabilities or impairments Plaintiff may have, as well as future treatment.  Additionally, this interrogatory is best addressed through deposition testimony.  Notwithstanding and without waiving said objections, please refer to the attached medical records.  In sum, Plaintiff still suffers thoracolumbar pain after exertion that carries for a couple of days.  He can not do prior workouts he used to do and when doing martial arts with his son, he can not do all of the moves.  Plaintiff's orthopedic doctor, Dr. Werner, suggested therapeutic massages for his thoracolumbar pain, which Plaintiff does.

**INTERROGATORY NO. 22**:          If you have ever filed for bankruptcy, please state the name of each case, where the case was filed, and the approximate date the case was filed.

10

ANSWER:     Not applicable.

**INTERROGATORY NO. 23**:          Have you ever been convicted of or pled guilty, or pled no contest to a felony charge and, if so, where, when, and of what charge or charges?

ANSWER:     No.

**INTEROOGATORY NO. 24**:     Identify all social media accounts (Facebook, MySpace, Instagram, Twitter, etc.) maintained by you at any time from April, 2012 to the present and for each, provide the date they were opened and the name on the account.

ANSWER:     Objection. This interrogatory is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving said objections, Plaintiff maintains so called "profiles" on the following social networking sites and/or online sites:

- Facebook – david.ball.50746, David Ball, 77dcb77@gmail.com – since 2009
- Twitter – @x_elusiv_x, David Ball, dcball@gmail.com – since 2015
- Instagram – dcball, David Ball, dcball@gmail.com – since 2019
- Linkedin – David Ball, dcball@gmail.com – since 2007

**INTERROGATORY NO. 25**:     Please confirm that you have read the information and instructions below and complied with the following for downloading information from your Facebook and Instagram account(s).

*Downloading information from Facebook:*

*1.     Log into account (you may need to enter your password at various points throughout this process).*
*2.     Click on drop-down arrow in the upper right-hand comer, and then click on "Account Settings."*
*3.     Scroll down and click on "Download a copy of your Facebook data."*
*4.     Click on the "Start my Archive" button.*
*5.     A box will then appear in the middle of the screen titled "Start my Archive." Click on that button.*

11

6.  *You will then be told to wait while your archive is prepared. Facebook will send you an email confirming when your download is ready, and you can just click on the link in the body of the email message sent by Facebook (if you do not get an email, just log onto Facebook after approximately thirty minutes and follow steps one through three).*

7.  *You will see that your archive is ready to download. Click the download button, which may prompt you to re-enter your password, and click "continue."*

8.  *Click on the "Download Archive" button.*

9.  *A box will appear asking you to download a .zip file. Click "Save."*

10. *A pop-up window will then appear asking you for a path where you would like to save the file. Pick a location where the .zip file is easily able to be found (e.g. My Documents folder).*

11. *Send an email to your attorney attaching the .zip file saved in Step 10 so that he can produce the file.*

*Downloading information from Instagram:*

1.  *Log into your account (you may need to enter your password at various points throughout this process).*

2.  *Go to your profile and click the "⚙" icon.*

3.  *Click Privacy & Security.*

4.  *Scroll down to Data Download and click Request Download.*

5.  *Enter the email address where you'd like to receive a link to your data and enter your Instagram account password.*

6.  *You'll soon receive an email titled Your Instagram Data with a link to your data. Click Download Data and follow the instructions to finish downloading your information.*

7.  *Send the downloaded data file to your attorney so that they can produce the file.*

<u>ANSWER:</u>    Objection. This interrogatory is vague, overbroad, and unlikely to lead to discoverable information, as Defendant provides no limitation to the information requested. A defendant is not entitled to learn every imaginable detail about a plaintiff, but only such information which is relevant or likely to lead to relevant information. Without waiving said objection, Plaintiff has read the instructions but has not downloaded his Facebook history. To the best of Plaintiff's recollection he has never posted about this incident on his Facebook account and agrees not to delete any posts relevant or material to this case in the event any exist.

12

Filed          22-CI-000083     03/21/2022      David L. Nicholson, Jefferson Circuit Clerk

## VERIFICATION

I, David Ball, hereby verify that I have read the foregoing answers to interrogatories and that they are true and accurate to the best of my knowledge and belief.

_____
DAVID BALL

STATE OF KENTUCKY          )
                           )
COUNTY OF Jefferson        )

Subscribed and sworn to before me by David Ball on this the 16ᵗʰ day of March, 2022.

My commission expires:  June 14, 2025 _____

_____  KYNP31471
NOTARY PUBLIC, KENTUCKY
STATE-AT-LARGE

13

AD1BA1C8-2364-4844-9D77-B40F31CD7937 : 000013 of 000020

AIRRPD : 000013 of 000020

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**  Produce  all  documents  or  electronically-stored information  reviewed  or  relied  upon  in  answering  these  Interrogatories  and  Requests  for Production of  Documents.

RESPONSE:  Objection.  This request calls for information protected by the attorney-client  and/or  work  product  privileges.    See  also  objections  to  Interrogatories  above. Notwithstanding  and  without  waiving  said  objection,  please  see  attached  CD  containing  the following:

- LabCorp MR (DOS 4/19/18 to 2/25/21)
- Baptist Health Louisville MR (DOS 7/2/20 to 3/17/21)
- BHMG Primary Care & Physical Therapy MR (DOS 2/24/21 to 6/9/21)
- BHMG- Orthopedics MR (DOS 4/21/21 to 11/30/21)
- BHMG- Dr. Loughran & Dr. Reynolds MR (DOS 3/8/21 to 9/14/21)
- Baptist mychart messages
- Itemization of medical bills with supporting documentation totaling $9,409.18
- Anthem health insurance card
- Video of Plaintiff walking up steps after injury (DOS 2/25/21)
- Plaintiff's pain diary
- Social security card
- Taxes years 2017-2020

Plaintiff reserves the right to supplement this response as discovery proceeds.

**DOCUMENT  REQUEST  NO.  2:**  Produce  all  documents  or  electronically-stored information supporting David Ball's claims for damages.

RESPONSE:  Objection.   This  request  is  premature  as  discovery  is  ongoing  and potentially calls for the disclosure of expert opinions prior to the deadline for the disclosure of the same.    Notwithstanding  and  without  waiving  said  objections,  please  see  the  attached  CD containing  Plaintiff's  itemization  of  medical  bills  received  to  date  totaling  $9,409.18  with

14

  
supporting documentation.  Plaintiff reserves the right to supplement this response as discovery proceeds.

**DOCUMENT REQUEST NO. 3:** Produce all documents or electronically-stored information pertaining to or containing any statements made by any current or former employee of Laboratory Corporation of America that relates to the allegations set forth in the Complaint.

RESPONSE:  None in Plaintiff's possession.

**DOCUMENT REQUEST NO. 4:** Produce all documents or electronically-stored information pertaining to or containing any communication by David Ball that relates in any way to the allegations set forth in the Complaint.

RESPONSE:  Objection.  This request is premature as discovery is ongoing this matter and calls for information protected by the attorney client and/or work product privileges. Notwithstanding and without waiving said objections, Plaintiff is not in possession of any documents or electronically stored information pertaining to or containing any communication relating to this complaint outside of his medical records and mychart messages.

**DOCUMENT REQUEST NO. 5:** Produce all documents or electronically-stored information that refer to or relate to any claim for workers' compensation benefits, social security benefits, Medicaid benefits, veteran's medical or disability benefits, union disability benefits, or any other government or non-governmental benefits made by or on behalf of David Ball.

RESPONSE:  Not applicable.

**DOCUMENT REQUEST NO. 6:** Produce all medical, hospital, or other treatment records and/or documents regarding, referring to, or relating to David Ball from the date of the incident described in the Complaint to the present.

15

RESPONSE:  Please see the attached CD containing the following medical records:

- LabCorp (DOS 4/19/18 to 2/25/21)
- Baptist Health Louisville (DOS 7/2/20 to 3/17/21)
- BHMG Primary Care & Physical Therapy (DOS 2/24/21 to 6/9/21)
- BHMG- Orthopedics (DOS 4/21/21 to 11/30/21)
- BHMG- Dr. Loughran & Dr. Reynolds (DOS 3/8/21 to 9/14/21)
- Baptist Mychart messages

Plaintiff reserves the right to supplement this response as additional records are received.

**DOCUMENT REQUEST NO. 7:** Produce all documents regarding, referring to, or relating to any blood draw or blood analysis tests performed by Laboratory Corporation of America or its personnel on the Plaintiff.

RESPONSE:  Please see the attached CD containing the records received from LabCorp (DOS 4/19/18 to 2/25/21).

**DOCUMENT REQUEST NO. 8:** Produce all documents in any way relating or documenting David Ball's income from 2017 to the present, including but not limited to tax returns, W-2s, other tax records, and employment records.

RESPONSE:  Please see the attached CD containing Plaintiff's tax returns for years 2017-2020.  Plaintiff will supplement his 2021 taxes upon receipt.

**DOCUMENT REQUEST NO. 9:**  Produce all photographs of depicting David Ball's alleged injuries.

RESPONSE:  Please see the attached video of Plaintiff trying to go up the steps in his house, taken by Plaintiff's wife when he got home from the hospital on 2/25/21.

**DOCUMENT REQEUST NO. 10**:  Produce all exhibits which you intend to introduce at the trial of this matter.

16

RESPONSE:  The decision as to exhibits that may be used at trial has not yet been made.  This response will be supplemented as required by the Kentucky Rules of Civil Procedure and any Order from this Court.

**DOCUMENT REQUEST NO. 11**:  Produce a curriculum vitae for each person you intended to call as an expert witness at trial.

RESPONSE:   The decision as to expert witnesses that may be called at the trial of this matter has not yet been made.  The answer to this request will be supplemented as discovery and investigation proceeds in this matter pursuant to the Kentucky Rules of Civil Procedure and any Order from this Court.

**DOCUMENT REQUEST NO. 12**:  Please produce any diary or journal entries created and/or maintained by David Ball concerning pain and symptoms related to the incident described in the Complaint.

RESPONSE:  Objection.  This request calls for information that is protected by the attorney-client and work-product privilege.  Notwithstanding and without waiving said objections, please see the attached CD containing the diary of notes Plaintiff kept relating to his injury.

**DOCUMENT REQUEST NO. 13**:  All documents supporting the damages David Ball claims in this case.

RESPONSE:   Please see response to Request Nos 1 and 2.

**DOCUMENT REQUEST NO. 14:**  All reports or documents received by you or your representatives which relate in any way to this incident, including reports of medical experts, engineering experts, economic experts, government agencies, investigators or insurance companies.

Filed            22-CI-000083      03/21/2022        David L. Nicholson, Jefferson Circuit Clerk

RESPONSE:   Please see response to Interrogatory No. 9 regarding experts.  Additionally, please see the attached CD containing Plaintiff's medical records.

**DOCUMENT REQUEST NO. 15**:  Any and all LabCorp documents or tangible things pursuant to CR 34.01 received from any source, in the possession of or under the control of you or your representative, which you claim have been generated by LabCorp or any agent, servant or representative thereof, and/or certain admissions against any LabCorp.

RESPONSE:   Please see the attached CD containing the records received from LabCorp (DOS 4/19/18 to 2/25/21).

**DOCUMENT REQUEST NO. 16**:  Please produce a copy of your Social Security Card.

RESPONSE:   Please see the attached CD.

**DOCUMENT REQUEST NO. 17**:  Please provide a copy of the front and back of your Medicare Health Insurance card.

RESPONSE:   Please see the attached CD for a copy of Plaintiff's Anthem health insurance card.

**DOCUMENT REQUEST NO. 18**:  Please execute and return the Medicare Consent to Release form that accompanies these requests.

RESPONSE:   Please see the attached.

**DOCUMENT REQUEST NO. 19**:  Defendant requests, pursuant to Rule 34 of the Kentucky Rules of Civil Procedure, that Plaintiff execute and return to Defendant authorizations to (1) permit the inspection and copying of medical records which are within the control of the Plaintiff but are in the custody of another, and (2) permit this Defendant to obtain other

18

employment, federal tax returns, social security, workers compensation, and school records in the custody of non-parties (see attached forms).

Pursuant to 45 CFR §164 ("HIPAA"), by signing this medical information release, the Plaintiff is hereby put on notice that medical records will be requested of each medical provider disclosed during the course of this litigation.  Information contained in Plaintiff's medical records shall be disclosed only to the parties, counsel of record in this action or only to individuals employed by or assisting counsel in preparation for, or at the trial of this action.

RESPONSE:  Plaintiff has elected to sign alternate authorizations, which are attached hereto.

**DOCUMENT REQUEST NO. 20**: If applicable, please produce any documents provided by you to, or received by you from, any governmental agency or contractor, including the Social Security Administration, the Centers for Medicare & Medicaid Services ("CMS"), the MSPRC, or the COBC that relate to your Medicare coverage and/or Social Security Disability benefits.

RESPONSE:  Not applicable.

**DOCUMENT REQUEST NO. 21**: Produce all data downloaded from your Facebook account(s) using the instructions referenced in Interrogatory No. 25 including, but not limited to, all postings, profile information, wall posts, photos, videos, notes, information concerning events to which you have RSVP'd, messages sent and received, and comments made by any person relating to wall posts, photos, videos, or any other content.

RESPONSE:  Please see response to Interrogatory No. 25.

19

Respectfully submitted,

James M. Bolus, Jr.
BOLUS LAW OFFICES
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com

By: /s/ James M. Bolus, Jr.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served to the following via the Court's electronic filing system, email, and hand delivery on this 21st day of March, 2022 to:

David Domene
Emily C. Lamb
BLACKBURN DOMENE & BURCHETT, PLLC
614 West Main Street, Suite 3000
Louisville, Kentucky 40202
ddomene@bdblawky.com
elamb@bdblawky.com
*Counsel for Laboratory Corporation of America Holdings*

/s/ James M. Bolus, Jr
*Counsel for Plaintiff*

20

AD1BA1C8-2364-4B44-9D77-B40F31CD7937 : 000020 of 000020

AIRRPD : 000020 of 000020