FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Dec 15, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID BALL                                                                                   Plaintiff

v.                                                           CIVIL ACTION NO. 3:22-CV-184-RGJ

LABORATORY CORPORATION OF                                                    Defendant
AMERICA

**JURY INSTRUCTIONS**

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every case. Then I will explain some rules that you must use in evaluating the testimony and evidence. Then I will explain the rules of law that you must apply in deciding whether the Plaintiff has proven the elements of his count against the Defendant. And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you and reach a just verdict.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if the Plaintiff fails to establish any essential element of his claim by a "preponderance of the evidence," you should find for the Defendant on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and any stipulations agreed to by the parties which I have read to you here in court.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony of a person who asserts or claims to have actual knowledge of a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

**OPINION EVIDENCE**

You have heard the testimony of Michael Moskal, Raghuveer Muppavarapu, Valerie Joyner, Henry Tutt, and Polly Zimmermann, who testified as opinion witnesses. You do not have to accept their opinions. In deciding how much weight to give an opinion, you should consider the witness' qualifications and how they reached their conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeals to your minds as being most accurate and otherwise trustworthy.

I am now going to instruct you as to the law regarding Plaintiff's negligence claim against Defendant.

## COUNT 1
## NEGLIGENCE OF LABCORP

Plaintiff asserts that Defendant was negligent in its care and treatment of him.

You are instructed that Defendant Labcorp is responsible for the actions of its employees, Keiyuana Venson and Shannon Gonzalez.

It was the duty of Labcorp's phlebotomists Keiyuana Venson and Shannon Gonzalez to exercise ordinary care when attending to Plaintiff before, during, and after his blood draw. Negligence in this case means the failure to exercise ordinary care. "Ordinary care" means the degree of care as the jury would expect an ordinarily prudent phlebotomist to exercise under similar circumstances.

Such negligence must have been a substantial factor in causing injury to David Ball.

If you are satisfied from the evidence that Keiyuana Venson and/or Shannon Gonzalez failed to comply with this duty and that such failure was a substantial factor in causing David Ball's injury, you will find for Plaintiff. Otherwise, you will find for Defendant.

**Please indicate your answer using Interrogatory No. 1**

## CONTRIBUTORY NEGLIGENCE OF DAVID BALL

It was Plaintiff David Ball's duty upon the occasion in question to exercise ordinary care for his own health and safety. "Ordinary care" means the degree of care the jury would expect an ordinarily prudent patient to exercise under similar circumstances.

If you are satisfied from the evidence that Plaintiff failed to comply with this duty, and that such failure was a substantial factor in causing his injury, you will determine from the evidence what percentage of the total fault is attributable to each of the parties you find to have been at fault by filling out the blank spaces on Interrogatory 2 that read as follows:

Keiyuana Venson/Shannon Gonzalez: _____%

David Ball: _____%

Total: 100%

In determining the percentage of fault, you shall consider both the nature of the conduct of Venson/Gonzalez, and Ball, and the extent of the causal relations between their conduct and the injury claimed by Ball.

**Please indicate your answer using Interrogatory No. 2**

## COMPENSATORY DAMAGES

If you find for Plaintiff, David Ball, you will determine the total amount of compensatory damages Plaintiff would be entitled to recover without regard to any contributory fault. You will determine from the evidence and award him a sum of money that will fairly compensate him for whatever necessary and reasonable expenses for medical services you believe from the evidence he has incurred, or is reasonably certain to incur in the future, as a direct result of his injuries. Compensatory damages seek to make the Plaintiff whole—that is, to compensate him for the damage suffered. Further, compensatory damages are not limited merely to medical expenses. A prevailing plaintiff also is entitled to compensatory damages for pain and suffering that he has sustained and/or will continue to sustain in the future because of a defendant's conduct. Plaintiff must prove his damages by a preponderance of the evidence.

**Please indicate your answer using Interrogatory No. 3.**

## JURY DELIBERATIONS AND ELECTION OF FOREPERSON

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so.

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.

You will take these verdict forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agree.  You will then notify the Courtroom Security Officer ("CSO") and return with your verdict to the courtroom.

## UNANIMOUS VERDICT

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## COMMUNICATION WITH THE COURT

Do not talk to the CSO, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury. You may only communicate with me by a signed writing or here in open Court. If you write me a message, the CSO will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Plaintiff has proven his case by a preponderance of the evidence.

**Please fill out the Verdict Forms and return to the courtroom.**